

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| JACKIE LOGAN, | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 6:10-141-HFF-WMC |
| | § | |
| BURGER KING RESTAURANT, | § | |
| Defendant. | § | |

## ORDER

Plaintiff filed this action for damages arising from food poisoning she allegedly experienced after eating at a Greenville Burger King restaurant. Plaintiff is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that the Complaint be dismissed without prejudice and without issuance and service of process. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on January 25, 2010, and the Clerk of Court entered Plaintiff's objections to the Report on February 17, 2010.

In the Report, the Magistrate Judge concluded that Plaintiff failed to allege a sufficient basis for subject matter jurisdiction. Plaintiff's Complaint alleges neither diversity of citizenship between the parties nor that her claim arises under federal law.

In her Objections, Plaintiff argues that the case should be served upon Defendant because her claim arises under the federal Food Drug and Cosmetic Act (FDCA). Specifically, Plaintiff states, "Under Title 21 - Food Drugs, Chapter 9, Federal Food, Drugs, and Cosmetic Act, subchapter IV– Food from federal statutes. Packaging ink migration ruling challenged [sic]." Plaintiff fails to assert any other basis for jurisdiction in her Objections.

Plaintiff's Objections refer to subchapter IV, which includes sections 341 through 350b of Title 21. From the brevity of her Objections, it is not entirely clear which specific section Plaintiff alleges that Defendant violated, but, most likely, she is seeking relief under § 342 or § 343 which address adulterated or misbranded food. Regardless, there is no private cause of action under the FDCA. *See* 21 U.S.C. § 337(a) ("Except as provided in subsection (b) of this section [providing right of State to bring action], all such proceedings for the enforcement, or to restrain violations, of this chapter shall be by and in the name of the United States."); *Mulchaney v. Columbia Organic Chemicals Co., Inc.*, 29 F.3d 148, 152 (4th Cir. 1994) ("The FDCA, however, provided no private right of action."); *Ellis v. C.R. Bard*, 311 F.3d 1272, 1285 n.10 (11th Cir. 2002) ("[N]o private right of action exists for a violation of the FDCA."). Because Plaintiff, as an individual, cannot file a lawsuit under the FDCA, subject matter jurisdiction over her Complaint is lacking. Thus, her Complaint is subject to dismissal.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Plaintiff's objections, adopts the Report and incorporates it herein. Therefore, it is the judgment of this Court that the Complaint is **DISMISSED** *without prejudice* and without issuance and service of process.

**IT IS SO ORDERED**.

Signed this 18th day of February, 2010, in Spartanburg, South Carolina.

s/ Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within 30 days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.